**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Kentrell Welch,

                Plaintiff,

    v.

Michael Minev, *et al*.,

                Defendants.

Case No. 2:19-cv-01064-GMN-BNW

**REPORT AND RECOMMENDATION AND ORDER**

Before the Court are several motions (ECF Nos. 49, 96, 97, 100, and 111). The Court previously held a hearing, ruled on these motions, and indicated that a written order would follow. *See* ECF No. 146. The Court now issues its written ruling on these motions.

**I.     Motion Requesting Examinations (ECF No. 97)**

On May 3, 2021, Plaintiff filed a motion requesting an examination of himself under Federal Rule of Civil Procedure 35. ECF No. 97. Defendants responded at ECF No. 108, and Plaintiff replied at ECF No. 110.

Rule 35 of the Federal Rules of Civil Procedure authorizes a district court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a licensed professional. Fed. R. Civ. P. 35(a)(1). An order for the physical examination "may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(1)(2)(A) and (B).

Rule 35 allows an opposing party who complies with the rule to obtain an order requiring a party to submit to a medical examination. It does not allow a party who has placed his or her

1    mental or physical condition at issue to obtain an expert examination or report. *See Berg v. Prison*

2    *Health Servs.*, 376 F. App'x 723 (9th Cir. 2010); *Patton v. Hollingsworth*, 2015 WL 1877426, at

3    *1 (D. Nev. April 22, 2015) ("Rule 35 does not authorize [a *pro se* prisoner plaintiff] to seek his

4    own free examination to obtain evidence to prosecute his case."). Accordingly, the Court will

5    deny Plaintiff's motion for a Rule 35 examination (ECF No. 97).

6    **II.      Motion to Alter or Amend Judgment (ECF No. 111)**

7    ECF No. 111 is a duplicate of a motion filed by Plaintiff in case number 2:19-cv-00480-

8    JAD-BNW (also before this Court). Plaintiff asks this Court to alter or amend its rulings at ECF

9    Nos. 107 and 104. As to this Court's ruling at ECF No. 107, the Court continues to rely on the

10   same rationale previously articulated: Plaintiff's case is already filed in an "Article (3)

11   Constitutional Court." Additionally, the Court does not understand what it is Plaintiff is referring

12   to when he asks the Court to file this motion in the "green file." As to ECF No. 104, this is

13   Plaintiff's own application to proceed *in forma pauperis*. Accordingly, the Court will deny

14   Plaintiff's request to alter ECF Nos. 104 and 107.

15
16   **III.     Motion for Summonses (ECF No. 49), Motion for Authorization of Joinder (ECF No. 96), and Motion to Amend (ECF No. 100)**

17   Before the Court are three motions in which Plaintiff moves the Court to join other parties

18   and other claims. As explained below, the Court will recommend that all three motions be denied,

19   as Plaintiff has not met the requirements under Federal Rules of Civil Procedure 15, 18, or 20.

20   **A.      Motion for Summonses (ECF No. 49)**

21   Plaintiff requests that several new defendants be joined to the case, that new claims be

22   added, and that the Court issue summonses. ECF No. 49. Defendants responded at ECF No. 60.

23   Plaintiff replied at ECF No. 66.

24   This Court previously screened Plaintiff's amended complaint and allowed a claim for

25   deliberate indifference to proceed against specific defendants as it related to his thyroid condition.

26   Plaintiff's instant request to add defendants and claims relates to his alleged lack of dental care,

27   the treatment provided at the prison, and different defendants than those in the operative

28   complaint.

In ruling on a motion to join additional parties, the court must consider both the general principles of amendment provided by Federal Rule of Civil Procedure 15(a) and the more specific joinder provisions of Rule 20(a). *See Desert Empire Bank v. Ins. Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (noting that both Rule 15 and Rule 20 standards are implicated by a motion to amend pleadings to add a new party).

Under Rule 15(a), leave to amend a complaint after a responsive pleading has been filed may be obtained by leave of the court and "shall freely be given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. *Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Because Rule15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, while Defendants addressed the reasons why Plaintiff's request fails under Federal Rule of Civil Procedure 20, they did not specifically address the requirements of Rule 15.

Under Rule 20(a)(2), a plaintiff may join any person as a defendant if: (1) any right to relief asserted against the defendant relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. *Luis Buenrostro v. Fajardo*, 770 F. App'x 807, 808 (9th Cir. 2019).

Here, the Court agrees with Defendants that the parties Plaintiff wishes to add are not related to the same transaction, occurrence, or series of transactions and occurrences as required by Rule 20(a)(2)(A). Rule 20(a)(2) requires that both prongs of the rule be met, and here Plaintiff

1  cannot meet the first prong. As a result, Plaintiff's request fails under Federal Rule of Civil

2  Procedure 20(a).

3  　　　As to the joinder of claims, Federal Rule of Civil Procedure 18 becomes relevant only

4  after the requirements of Rule 20 relating to joinder of parties has been met. *Turner v. Brown*,

5  2019 WL 3860190, at *2 (E.D. Cal. Aug. 16, 2019); *Lear v. Navarro*, 2021 WL 2941540, at *3

6  (E.D. Cal. July 13, 2021). In other words, a party cannot assert claims against parties he cannot

7  join. As such, Plaintiff's request for joinder of claims fails.

8  　　　In turn, since the request for the joinder of parties and claims fails, the request for

9  amendment would necessarily be futile. "[F]utility of amendment can, by itself, justify the denial

10  of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

11  　　　For these reasons, the Court will recommend that Plaintiff's request to join parties and

12  claims and for the Court to issue summonses be denied.

13  　　　**B.　　Motion for Authorization of Joinder (ECF No. 96)**

14  　　　Plaintiff requests that several new defendants and claims be joined in the case under

15  Federal Rules of Civil Procedure 15(a), 19(a), 22(a), and 20(a)(1)(A) and (B). ECF No. 96.

16  Defendants responded at ECF No. 109. Plaintiff replied at ECF No. 118.

17  　　　To begin, the instant request differs from that at ECF No. 49. Here, Plaintiff attempts to

18  add *different* defendants and *different* claims than those sought to be added in ECF No. 49,

19  including all Clark County public officials, county commissioners, Mayor C. Goodman, state

20  actors, the Nevada Department of Corrections (NDOC), and Clark County medical directors. The

21  claims range from allegations of racism to failure to have proper medical equipment.

22  Nevertheless, Plaintiff's request suffers from the same problems discussed above and fails under

23  Rule 15 of the Federal Rules of Civil Procedure.

24  　　　As described above, in ruling on a motion to join additional parties, the court must

25  consider both Federal Rules of Civil Procedure 15 and 20. *Desert Empire Bank*, 623 F.2d at 1374.

26  The Court refers the parties to the discussions above regarding Rule 15.

27  　　　Neither party discussed in detail the requirements of Rule 15. Instead, Defendants mostly

28  focus on the reasons why the request fails under Rule 20. Defendant also argues, and the Court

1  agrees, that the reasons why Plaintiff invokes Federal Rules of Civil Procedure 19 and 22 are

2  unclear.

3        As discussed above, under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join

4  any person as a defendant if: (1) any right to relief asserted against the defendant relates to or

5  arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2)

6  there is at least one question of law or fact common to all the defendants. *Luis Buenrostro v.*

7  *Fajardo*, 770 F. App'x 807, 808 (9th Cir. 2019).

8        Here, the Court agrees with Defendants that the parties Plaintiff wishes to add are not

9  related to the same transaction, occurrence, or series of transaction and occurrences as required by

10  Rule 20(a)(2)(A). Rule 20(a)(2) requires that both prongs of the rule be met, and here Plaintiff

11  cannot meet the first prong. As a result, the request fails under Rule 20(a).

12        In turn, since the request for the joinder of parties and claims fails, the request for

13  amendment would necessarily be futile. "[F]utility of amendment can, by itself, justify the denial

14  of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

15        In addition, the request to amend may also be denied as futile when a proposed complaint

16  violates Federal Rule of Civil Procedure 8. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,

17  637 F.3d 1047, 1058 (9th Cir. 2011). Under Rule 8, pleadings "must contain . . . a short and plain

18  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each

19  allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "While 'the proper length

20  and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been

21  held to be violated by a pleading that was needlessly long, or a complaint that was highly

22  repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso*, 637 F.3d at 1059.

23        Here, Plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure.

24  Plaintiff's amended complaint is needlessly long and confusing. In addition, the Court notes that

25  Plaintiff fails to state how the newly named individuals personally participated in or were aware

26  of any of the claims he asserts.

27        For all these reasons, the Court will recommend that Plaintiff's request at ECF No. 96 be

28  denied.

**C.    Motion to Amend (ECF No. 100)**

Plaintiff filed a motion to amend his complaint at ECF No. 100. Defendants responded at ECF No. 112, and Plaintiff replied at ECF No. 117. This request, and the response to it, are indistinguishable from the request and response at ECF Nos. 96 and 109. Accordingly, the Court will recommend that ECF No. 100 be denied under the same rationale as it relied on in recommending that ECF No. 96 be denied.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that ECF No. 97 is DENIED.

**IT IS FURTHER ORDERED** that ECF No. 111 is DENIED.

**IT IS THEREFORE RECOMMENDED** that ECF Nos. 49, 96, and 100 be DENIED.


DATED: November 30, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE