# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kentrell Welch,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Michael Minev, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:19-cv-01064-GMN-BNW<br><br>**ORDER re ECF Nos. 203, 213, & 214** |

Before the Court are Plaintiff's motions at ECF Nos. 203, 213, and 214.

**I.     ECF No. 203**

Plaintiff filed a motion entitled "notice of exploitation of discovery by defense." ECF No. 203. Defendants responded at ECF No. 209.

Plaintiff states that he has not received complete (or "correct") responses to his discovery requests. He seems to be requesting that all Requests for Admission be deemed admitted and that Defendants should be in "default" for not producing documents within 30 days of their request. Beyond that, Plaintiff attaches a variety of different discovery responses submitted by the defense but does not explain how they are deficient (or not "correct"). Lastly, Plaintiff explains the difficulties he has navigating this process without counsel and requests that new counsel (given that he fired previous *pro bono* counsel) be appointed.

Defendants respond that the motion is hard to understand and correctly state that Plaintiff does not provide any detail regarding what is insufficient about their discovery productions. In addition, they take the position that they have responded to all requests, including the Requests for Admission.

The Court denies this motion as it is unable to identify exactly which are the discovery requests Plaintiff is seeking the Court to compel. As explained in LR 7-2, motions to compel

discovery "must set forth in full the text of the discovery originally sought and any response to it." Without this information, the Court cannot proceed any further.

Accordingly, **IT IS ORDERED** that ECF No. 203 is DENIED without prejudice. Should Plaintiff wish to re-file this motion, he must first meet and confer with the defense and, if unable to come to a resolution, file a motion that complies with LR 7-2.

**II.     ECF No. 213**

Plaintiff filed a motion entitled "notice of denial of chronic health care." ECF No. 213. Defendants responded at ECF No. 215.

In his motion, Plaintiff strings together several legal principles and facts that seemingly support his claim. As noted in Defendants' response, it appears that Plaintiff may be attempting to (1) have the Court judicially notice certain facts that (2) do not relate to the underlying complaint. The Court already explained that if Plaintiff is seeking relief that differs from the underlying complaint, he must file a different case. *See* ECF No. 212. Any relief he seeks in relation to those facts must be pursued as a different action.

Accordingly, **IT IS ORDERED** that ECF No. 213 is DENIED.

**III.    ECF No. 214**

Plaintiff filed a motion entitled "motion…to provide full medical file." ECF No. 214. Defendants responded at ECF No. 217.

Plaintiff seeks the ability to have his medical records in his cell to properly prepare his case. Defendants characterize the motion as one seeking injunctive relief for events taking place in 2022.

Discovery has closed in this case. Thus, any discovery motion would be improper without Plaintiff seeking first to re-open discovery. To the extent Plaintiff is seeking relief unrelated to the underlying complaint, the Court denies the motion. *See* ECF No. 213 Order. To the extent Plaintiff is seeking medical records that have not already been produced to the warden, the Court also denies the relief requested because discovery is now closed.

However, because it appears that Plaintiff is requesting the ability to have the medical records already produced to the warden (by way of initial disclosures or subsequent discovery

productions) in his own cell so that he can properly prepare for trial, the Court will grant that motion.

Defendants cite to AR 707 explaining that Plaintiff may not have medical records in his cell. Yet, it is the Court's understanding (based on Defendants' previous representations in other cases) that, upon court order, plaintiffs may keep medical records in their cells. AR 707(14) appears to suggest that as well. In fact, in an unrelated case (2:19-cv-00512-RFB-BNW, ECF No. 72) Defendants have provided such records to a plaintiff despite taking the position that no court order had been issued to that effect. Thus, it appears that the regulation in question is not always followed.

There are good reasons for Plaintiff to have any medical records already disclosed or produced to be kept in his cell. Plaintiff must be able to prosecute his Eighth Amendment claim properly. Whatever medical records have been made available to him through the discovery process must be available to him at all times to properly prepare for trial.

Thus, the Court grants the motion only as referenced above and denies it in all other respects. Accordingly, **IT IS ORDERED** that ECF No. 214 is GRANTED in part and DENIED in part.

**IV.   Conclusion and Order**

Accordingly, **IT IS ORDERED** that ECF No. 203 is DENIED without prejudice. Should Plaintiff wish to re-file this motion, he must first meet and confer with the defense and, if unable to come to a resolution, file a motion that complies with LR 7-2.

**IT IS FURTHER ORDERED** that ECF No. 213 is DENIED.

**IT IS FURTHER ORDERED** that ECF No. 214 is GRANTED in part and DENIED in part. It is granted to the extent that whatever medical records have been made available to Plaintiff through the discovery process must be available to him at all times to properly prepare for trial. It is denied in all other respects.

DATED: April 28, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE