UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENTRELL WELCH,  )
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)　　Case No.: 2:19-cv-01064-GMN-BNW
　　vs.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　**ORDER**
MICHAEL MINEV, et al.,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　)
　　　　　　　　　　　　　　　　　)

　　　　Pending before the Court are Defendants Gregory Bryan, Alberto Buencamino, Louie Gallo, Michael Minev, Jennifer Nash, Charles Paternostro, and Brians Williams's (collectively "Defendants'") Motion to Seal, (ECF No. 157), and Plaintiff Kentrell Welch's ("Plaintiff's) Motion for Extension, (ECF No. 184).   No responses to Defendants' Motion to Seal have been filed, and the time to do so has passed.  Defendants filed a Response (ECF No. 184), to Plaintiff's Motion for Extension.  For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Seal and **DENIES as moot** Plaintiff's Motion for Extension.[1]

I.　　**BACKGROUND**

　　　　This case arises out of Defendants' alleged indifference to Plaintiff's serious medical needs while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (*See generally* Am. Compl., ECF No. 8).  Plaintiff filed the instant action on August 6, 2019. (Compl., ECF No. 6).  On August 16, 2019, Plaintiff filed his first Amended Complaint, alleging that pursuant

---

[1] In Plaintiff's Response to Defendants' Motion for Summary Judgment, (ECF No. 186), Plaintiff's appointed counsel instructed the Court to "disregard[]" Plaintiff's Motion for Extension because Plaintiff circumvented his attorney in filing the motion. (Pl.'s Resp. Mot. Summ. J. 20:5–13, ECF No. 186).  In any event, Plaintiff's request is now moot because Plaintiff's Response has since been filed.  (*See generally* Pl.'s Resp. Mot. Summ. J).  Accordingly, the Court Denies as Moot Plaintiff's Motion for Extension.

to 42 U.S.C. § 1983, Defendants deliberate indifference to Plaintiff's serious medical conditions violated his Eighth Amendment rights. (Am. Compl. at 6). On October 19, 2021, Defendants filed a Motion for Summary Judgment. (Mot. Summ. J., ECF No. 156). Defendants simultaneously filed the instant Motion to Seal. (Mot. Seal, ECF No. 157).

## II. LEGAL STANDARD

The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Consequently, a party seeking to seal a judicial record under Federal Rule of Civil Procedure 26(c) "bears the burden of overcoming this strong presumption." *Id.* The Ninth Circuit has recognized that two different standard may apply when a request to seal a document is made in connection with a motion—namely the "compelling reasons" standard or the "good cause" standard. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id*. at 1099, 1101. Under the good cause standard, a party requesting sealing must show that, for "each particular document" it seeks to seal, "prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). Under the compelling reasons standard, a court may seal a record only if it finds a "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. For Auto Safety*, 809 F.3d at 1096–97. Compelling reasons exist when "such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1097 (internal quotations and citations omitted).

The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public

interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal quotations and citations omitted). The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Id*. at 1182. Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav. &* Loan, No. 2:16-cv-00587, 2017 WL 1078637, (D. Nev. Mar. 20, 2017) (internal citations omitted).

## III. DISCUSSION

In their Motion to Seal, Defendants petition the Court to seal the entirety of Exhibits A and C to Defendants' Motion for Summary Judgment, (ECF No. 156), because the exhibits contain Plaintiff's medical records and references to Plaintiff's medical records. (Mot. Seal 2:16–19, ECF No. 157). Defendants claim that there are compelling reasons[2] to seal these exhibits in order to protect Plaintiff's medical privacy. (*Id*. 2:19–20). The Court will first examine whether Defendants have demonstrated compelling reasons to seal the entirety of Exhibit A.

Many courts in the Ninth Circuit "have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Steven City Broomfield v. Aranas*, No. 3:17-cv-00683, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (collecting cases). As this Court has explained, "[w]hile a plaintiff puts certain aspects of his medical condition as issue when he files an action alleging deliberate indifference to a serious medical

---

[2] The Exhibits identified by Defendants relate to Defendant's Motion for Summary Judgment, (ECF No. 156), and so the Court will apply a "compelling reasons" standard. *See, e.g.*, *Kennedy v. Watts*, No. 3:17-cv-0468, 2019 WL 7194563, at *2 (D. Nev. Dec. 23, 2019) (applying the compelling reasons standard because a motion for summary judgment is "unquestionably" more than tangentially related to the merits of a case).

need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion . . . need be unnecessarily broadcast to the public." *Id*.

Here, the entirety of Exhibit A contains Plaintiff's sensitive health information, medical history and treatment records. (Ex. A to Mot. Summ. J. at 1–250, ECF No. 158-1). Therefore, Plaintiff's interest in preserving his medical privacy outweighs the public's need for direct access to the medical records. *See Howard v. Cox*, No. 2:17-cv-01002, 2021 WL 4487603, at *2 (D. Nev. Sept. 30, 2021). The Court will now examine whether Defendants have demonstrated compelling reasons to seal the entirety of Exhibit C.

In contrast to Exhibit A, Exhibit C contains Plaintiff's Grievance Reports. (*See generally* Ex. C to Mot. Summ. J., ECF No. 158-2). Defendants broadly assert that the entirety of Exhibit C should be sealed because it contains portions of Plaintiff's medical records. (Mot. Seal 2:16–19). Although the Court agrees with Defendants that select Grievance Reports reference Plaintiff's medical records and conditions, the Court disagrees that sealing all Grievance Reports is the appropriate remedy when many of the Grievance Reports do not implicate Plaintiff's medical privacy. (Ex. C to Mot. Summ. J. at 252–376). Therefore, Defendants have failed to provide the requisite specific factual findings needed to seal the entirety of Exhibit C. *See Kamakana*, 447 F.3d at 1178 (explaining that a movant must "articulate compelling reasons supported by specific factual findings"). Defendants additionally have failed to address whether the underlying information contained in the Grievance Reports could be redacted, and if so, what portions. *Linksmart Wireless Tech. v. Ceasers Entm't Corp.*, No. 2:18-cv-00862 2020 WL 8834752, at *2 (denying plaintiff's motion to seal the entirety of its reply and exhibits when they did not demonstrate whether the information it seeks to keep confidential could be redacted); *Old Republic Ins. Co. v. City Plan Dev., Inc.*, No. 2:16-cv-00903, 2017 WL 5076516, at *2 (D. Nev. Nov. 2, 2017) (same). "[T]o the extent any confidential information can be easily redacted while leaving meaningful

information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents." *Linksmart Wireless Tech.*, 2020 WL 8834752, at *1.

Accordingly, the Court grants in part and denies in part Defendants' Motion to Seal. If Defendants want to re-file their Motion to Seal, they have until October 18, 2022, to file a renewed Motion to Seal. If Defendants elect not to re-file their Motion to Seal, the Court will order the Clerk to unseal Exhibit C to Defendants' Motion for Summary Judgment, (ECF No. 156).

## IV.  CONCLUSION

**IT IS HEREBY** that Defendants' Motion to Seal, (ECF No. 157), is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension, (ECF No. 184), is **DENIED as moot.**

**DATED** this __1__ day of October, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court