# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENTRELL WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:19-cv-01064-GMN-BNW |
| vs. | ) | |
| | ) | **ORDER** |
| MICHAEL MINEV *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff Kentrell Welch's ("Plaintiff's") Motion of Challenge to Defendants AR 740 Failure to Exhaust Opposition, (ECF No. 255), which the Court construed as a Motion for Reconsideration, (Min. Order, ECF No. 259).  Defendants Gregory Bryant, Alberto Buencamino, Louie Gallo, Michael Minev, Jennifer Nash, Charles Paternostro, and Brian William's (collectively, "Defendants'") filed a Response, (ECF No. 261), to which Plaintiff filed a Reply, (ECF No. 262).

Also pending before the Court is Plaintiff's Motion for Entry of Clerk's Default, (ECF No. 267), and Objection,[1] (ECF No. 191), to the Magistrate Judge's Report and Recommendation, (ECF No. 182).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration and **DISMISSES as moot** Plaintiff's Motion for Clerk's Entry of Default and Objection to the Magistrate Judge's Report and Recommendation.

///

///

---

[1] Plaintiff's Objection is styled as a Response to the Magistrate Judge's Report and Recommendation. (ECF No. 191).

1    **I.   <u>BACKGROUND</u>**

2         This case arises out of Defendants' alleged indifference to Plaintiff's serious medical

3    needs while he was incarcerated at High Desert State Prison ("HDSP"). (*See generally* Am.

4    Compl., ECF No. 8).  Specifically, Plaintiff alleges that Defendants were deliberately

5    indifferent to his hyperthyroid chronic disease. (Am. Compl. at 2–4).  On October 13, 2022, the

6    Court granted Defendants' Motion for Summary Judgment, (ECF No. 156), determining that

7    Plaintiff did not exhaust his administrative remedies as mandated by the Prison Litigation

8    Reform Act ("PLRA") prior to filing his lawsuit. (Order 5:22–10:5, ECF No. 253).

9         Plaintiff subsequently filed the present Motion of Challenge to Defendants AR 740

10   Failure to Exhaust Opposition, (ECF No. 255), which the Court construed as a Motion for

11   Reconsideration, (ECF No. 259).  The Court discusses Plaintiff's Motion for Reconsideration

12   below.

13   **II.  <u>LEGAL STANDARD</u>**

14        Although not mentioned in the Federal Rules of Civil Procedure, motions for

15   reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to

16   alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The

17   Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted

18   "absent highly unusual circumstances, unless the district court is presented with newly

19   discovered evidence, committed clear error, or if there is an intervening change in the

20   controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873,

21   880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.

22   1999)).

23        Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a

24   final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A

25   judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject

matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

## III.   <u>DISCUSSION</u>

Plaintiff attached several additional grievances to his Motion for Reconsideration, presumably to show newly discovered evidence demonstrating that the Court committed clear error and that granting Defendants' summary judgment was manifestly unjust because he did in fact properly exhaust his claims with the prison. (Grievances at 13–18, Ex. A to Mot. Reconsideration, ECF No. 255); (Grievances at 12–77, Ex. A to Reply, ECF No. 262).  In response, Defendants contend that these grievances do not constitute newly discovered evidence and that Plaintiff should have produced them on summary judgment. (Resp. 3:23–5:18, ECF No. 261).  The Court agrees.

Evidence "in the possession of the party before the judgment was rendered is not newly discovered . . . ." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987).  Here, Plaintiff has presented no evidence that the grievances were not in his possession prior to when judgment was entered in this action, "which prevents any finding that the grievances are 'newly discovered evidence.'" *Derello v. McAdorey*, 19-cv-05884, 2021 WL 1541617, at \*2 (D. Ariz. Apr. 20, 2021) (citation omitted).

///

///

Furthermore, the grievances referenced in Plaintiff's Motion for Reconsideration, even if newly discovered, would not change the Court's decision to grant summary judgment in favor of Defendants.  The Supreme Court has held that the PLRA requires a prisoner to complete any prison administrative process "capable of use" that provides the possibility of some form of relief, even if the prisoner seeks damages and such relief is not available under the administrative process. *See Ross v. Blake*, 578 U.S. 632, 639–40 (2016).  The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or something wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA requires pre-suit exhaustion; pursuing administrative remedies while litigation is underway does not suffice. *See McKinney v. Carey*, 311 F.3d 1198, 1199–1200 (9th Cir. 2002) (noting that the PLRA "requires exhaustion before the filing of a complaint and . . . a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation").

NDOC Administrative Regulation ("NDOC AR") 740, entitled "Inmate Grievance Procedure," catalogs the administrative remedies and associated procedures available to NDOC inmates. (Ex. D to MSJ, ECF No. 156-1).  For a plaintiff to exhaust available remedies, NDOC AR 740 first requires the inmate to either discuss the issue with a staff member or submit an inmate request form prior to initiating the grievance process. *Id*. at 740.08(1).  For claims regarding medical issues, the procedure continues as follows: (1) an Informal Grievance, which is "responded to by a charge nurse or designee of the Director of Nursing," *Id*. at 740.08; (2) a First-Level Grievance appealing the Informal Grievance decision to the "highest level of Nursing Administration," *Id*. at 740.09; and (3) a Second-Level Grievance, which is decided by the Medical Director, *Id*. at 740.10.  "An inmate whose grievance is denied in its entirety may appeal the grievance to the next level . . . unless the action requested has already been Granted at a lower level." *Id*. at 740.03(6).  An inmate may appeal a grievance of any level to the

1    following level within five days after the return of a decision. *Id*. at 740.08(12)(A),

2    740.09(5)(A).  However, the grievance process is complete once a grievance is granted at any

3    level; an inmate cannot appeal a granted grievance. *Id.* at 740.03(6)(C).

4         The Court has reviewed the grievances attached to Plaintiff's Motion for

5    Reconsideration and Reply, and finds that at most, they demonstrate that Plaintiff completed

6    the requirements set forth in NDOC AR 740 during the pendency of the instant action.

7    Plaintiff's Amended Complaint was filed on August 16, 2019. (*See generally* Am. Compl.,

8    ECF No. 8).  All the grievances provided by Plaintiff that did exhaust his administrative

9    remedies were completed after his Amended Complaint was filed. (*See generally* Grievances,

10    Ex. A to Mot. Reconsideration); (Grievances, Ex. A to Reply).  Thus, these grievances do not

11    cure the principal defect identified by the Court in its previous Order, namely that Plaintiff did

12    not exhaust his administrative remedies before filing his federal suit. *See Garland v. Hughes*,

13    No. 13-cv-6574, 2015 WL 5544432, at *5 (C.D. Cal. Sept. 11, 2015) ("If a prisoner has not

14    exhausted his available administrative remedies before filing his federal suit, the Court must

15    dismiss the action without prejudice to allow plaintiff to file a new action after he has

16    completed his administrative remedies.") (citing *McKinney*, 311 F.3d at 1200–01).

17         The subject matter of the sole grievance that was exhausted before Plaintiff filed his

18    Amended Complaint, Grievance No. 20063070421, concerned Plaintiff's request for dental

19    care. (Grievance No. 20063070421 at 13, Ex. A to Reply, ECF No. 262); (Grievance No.

20    20063070421 at 46, Ex. C to Defs.' Mot. Summ. J, ECF No. 158-2).  The instant action

21    concerns Defendants alleged deliberate indifference to Plaintiff's thyroid condition. (*See*

22    *generally* Am. Compl.).  Thus, Grievance No. 2006307421 is not related to Plaintiff's

23    allegations in the present case. *See Harden v. Nevada Department of Corrections*, No. 2:14-cv-

24    02008, 2017 WL 937732, at *3 (D. Nev. Mar. 9, 2017) (denying the plaintiff's motion for

25    reconsideration where although the plaintiff provided evidence that he fully exhausted several

grievances, the "grievances [were] not related to [the plaintiff's]" allegations underlying the present case).

Finally, to the extent that Plaintiff contends that NDOC AR 740 was effectively unavailable to him, (Mot. Reconsideration at 7:5–10:20), the Court already rejected this argument in its previous Order. (*See* Order 9:3–10:9) (finding that Plaintiff failed to demonstrate that his administrative remedies were effectively unavailable to him); *see also Melendez v. Neven*, No. 2:15-cv-02076, 2021 WL 832638, at *3 (D. Nev. Mar. 4, 2021) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."). Further, the sheer number of grievances filed by Plaintiff "undercuts his own argument because they demonstrate that [he] indeed had knowledge of how" the administrative grievance process worked and that the process was available to him. *Kentrell D. Welch v. Gavin Liggett, et al.*, No. 2:19-cv-01243, at *5 (D. Nev. Jan. 11, 2023).

In sum, Plaintiff reargues issues already presented and does not provide any newly discovered evidence that would justify granting reconsideration. The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order, and therefore, the criteria for reconsideration have not been met.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 255), is **DENIED**.

It is **FURTHER ORDERED** that Plaintiff's Motion for Entry of Clerk's Default, (ECF No. 267), and Objection, (ECF No. 191), are **DISMISSED as moot**.

**DATED** this  13  day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT