UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENTRELL WELCH,

               Plaintiff,

   vs.

MICHAEL MINEV, *et al.*,

               Defendants.

Case No.: 2:19-cv-01064-GMN-NJK

**ORDER**

      Pending before the Court is the Memorandum, (ECF No. 279), entered by the United States Court of Appeals for the Ninth Circuit vacating the Court's Order Granting Defendants' Motion for Summary Judgment, (ECF No. 253), and remanding with instructions to develop the record concerning grievance 20063045067 and then to evaluate Plaintiff Kentrell Welch's exhausted claims in the first instance. This Court ordered supplemental briefing after the Memorandum was entered. Defendants Dr. Gregory Bryan, Nurse Alberto Buencamino, Officer Louie Gallo, Director Michael Minev, Associate Warden Jennifer Nash, Officer Charles Paternostro, and Warden Brian Williams filed a Supplemental Brief, (ECF No. 282), but Plaintiff did not.

      After developing the record on grievance 20063045067 and for the reasons discussed below, the Court re-issues its Order Granting Defendants' Motion for Summary Judgment, (ECF No. 253).

**I.**      <u>**BACKGROUND**</u>

      This case arises out of Defendants' alleged indifference to Plaintiff's serious medical needs while he was incarcerated at High Desert State Prison. The Court incorporates by reference the detailed background section articulated in its Order Granting Defendants' Motion

1 | for Summary Judgment. (*See* Order re Mot. Summ. J., ECF No. 253).  Accordingly, the Court
2 | only states facts that are relevant here and for purposes of developing the factual record.

3 |       The Court granted summary judgment to Defendants, finding that Defendants met their
4 | initial burden of showing that Plaintiff did not fully exhaust any of the grievances he initiated
5 | related to his claims, and that Plaintiff failed to raise a genuine dispute of material fact as to
6 | whether such administrative remedies were effectively unavailable to him. (*See id.*).  The Order
7 | reviewed five grievances (20063088376, 20063085873, 20063085640, 20063084218,
8 | 2006306063) that Plaintiff's claims relied on, as well as his history of grievance filings in
9 | calendar year 2020. (*Id.* 8:1–10:11).

10 |       Plaintiff appealed the decision, and although no party raised the issue in briefing
11 | submitted to the Ninth Circuit, the Ninth Circuit *sua sponte* identified grievance 20063045067
12 | on Plaintiff's behalf finding that it was fully exhausted by Plaintiff within the relevant period.
13 | (*See generally* Mem., ECF No. 279).  The Ninth Circuit remanded to the Court to develop the
14 | record concerning grievance 20063045067 and then to evaluate Plaintiff's exhausted claim in
15 | the first instance. (*Id.*).

16 |       Plaintiff filed administrative grievance 20063045067 on or around March 20, 2017.
17 | (NOTIS Grievance 20063045067 History at 2, Ex. A. to Defs.' Suppl. Br., ECF No. 282-2).
18 | Plaintiff did not argue that this grievance applied to this lawsuit when initiating his lawsuit nor
19 | when submitting briefing to this Court regarding summary judgment.  Defendants identify, and
20 | the Court agrees, that Plaintiff's second Motion for Reconsideration is the only instance where
21 | Plaintiff pointed to this grievance as related to this lawsuit after the appeal was filed and
22 | docketed with the Ninth Circuit. (Second Mot. Recons. 2:19–21, ECF No. 270).  Defendants
23 | explain that because Plaintiff did not initially raise grievance 20063045067, the original copies
24 | of that grievance are no longer available to Defendants because the State of Nevada has a five-
25 | year retention period for offender grievances. (Quillmann Decl. ¶ 6, Ex. D to Defs.' Suppl. Br.,

ECF No. 282-5). Defendants further state that the limited computer history printout of this grievance is all that Defendants possess to establish what medical conditions Plaintiff was attempting to have addressed in grievance 20063045067.[1] (*Id.* ¶ 5–6); (*see* NOTIS Grievance 20063045067 History at 2, Ex. A. to Defs.' Suppl. Br.).

Plaintiff also failed to reference grievance 20063045067 on appeal, as neither his opening brief (filed November 7, 2022) nor his reply brief (filed July 20, 2023) reference this grievance. (*See generally* Appeal Opening Br., Ex. B to Defs.' Suppl. Br., ECF No. 282-3 ); (*See generally* Appeal Reply Br., Ex. C to Defs.' Suppl. Br., ECF No. 282-4). In his reply brief filed with the Ninth Circuit, Plaintiff provided "a comprehensive list of filed grievance(s)" regarding his medical care, and that list does not include grievance 20063045067. (Appeal Reply Br. at 153, Ex. C to Defs.' Suppl. Br.). Plaintiff's appeal reply brief was filed after his Second Motion for Reconsideration.

In addition to this lawsuit where Plaintiff alleges deliberate indifference to his chronic hyper-thyroid disease, he filed other lawsuits during the same timeframe alleging his dental needs were not being addressed and that his medical conditions went untreated for years,

---

[1] The available NOTIS records regarding grievance 2006-30-45067 do not provide clarification as to what medical claim the grievance is meant to address. The only information available at the informal level grievance is that Plaintiff was "prescribed pain medications" with a 90-day supply, and that he would be placed on the list to be seen for sick call. (NOTIS Grievance 20063045067 History at 2, Ex. A. to Defs.' Suppl. Br.). The need for pain medication, and to be seen by a provider, could reasonably relate to his dental claims as well as his rheumatoid arthritis and H-pylori claims.

At the first level grievance, Plaintiff admits blood work was done, but he complains that a full-scale hematology panel was not conducted. *Id.* The first level grievance was denied because the grievance responder appears to have interpreted Plaintiff's claim as seeking an outside referral. *Id.* This documentation does not clearly establish whether this first level grievance was related to the thyroid condition at issue in this lawsuit, or the H-pylori and rheumatoid arthritis claims Welch filed in a separate lawsuit.

At the second level, Plaintiff again complained he was not referred to an outside specialist, though there is no information regarding the specific type of specialist that he wanted to be sent to and there is no request for a hematology panel. *Id.* The response denying this second level grievance noted there was no provider request for an outside referral for laboratory testing, and that there was no reason for the medical director to make an appointment to see Plaintiff. *Id.* This, again, does not provide clarity as to which medical claim the second level grievance is meant to address.

causing him to develop rheumatoid arthritis and H-pylori. (*See* Case No. 2:19-cv-00480-CDS-BNW) (dental); (*see also* Case No. 2:19-cv-01241-RFB-BNW) (arthritis and H-pylori).[2]

## II. DISCUSSION

The threshold issue before the Court is whether grievance 20063045067 is part of Plaintiff's claims.  Defendants argue that grievance 20063045067 does not relate to this lawsuit and therefore should not be considered on summary judgment. (Defs.' Suppl. Br. 5:3–4, ECF No. 282).  A bedrock principle in the adversary system is that "in both civil and criminal cases, in the first instance and on appeal, [courts] follow the principle of party presentation." *Greenlaw v. United States*, 554 U.S. 237 (2008).  This means that courts should "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id.*  Indeed, as a general rule, the "adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Castro v. United States*, 540 U.S. 375, 386 (2003).

Here, the Court finds that Plaintiff was aware of grievance 20063045067 but did not present it as an issue for the Court to consider from the inception of the case to the summary judgment stage, nor on appeal.  Plaintiff only mentioned this grievance in his second Motion for Reconsideration which the Court denied without reaching the merits.  Had the Court reached the merits, it would have determined that any allegations about grievance 20063045067 were improper because a Motion for Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Moreover, Plaintiff did not mention grievance 20063045067 on appeal either.  Significantly, Plaintiff did not include the grievance in his "comprehensive list of filed grievance(s)"

---

[2] Plaintiff does not raise grievance 20063045067 in Case No. 2:19-cv-00480-CDS-BNW or Case No. 2:19-cv-01241-RFB-BNW.

submitted to the Ninth Circuit on July 20, 2023. (Appeal Reply Br. at 153, Ex. C to Defs.' Suppl. Br.).  As the party who submitted the grievance and brought this lawsuit, Plaintiff is best suited to determine whether grievance 20063045067 related to the allegations he put forward in this lawsuit (as opposed to the other two medical lawsuits filed around the same time), but Plaintiff did not submit supplemental briefing despite being ordered to do so.

Based on the procedural history of this case, grievance 20063045067 does not appear to be at issue in this lawsuit; Plaintiff did not raise the grievance when initiating his lawsuit, during summary judgment briefing, nor on appeal.  Accordingly, the Court re-issues its decision granting summary judgment for failure to exhaust with this expanded factual and legal basis for grievance 20063045067.[3]

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Court re-issues its Order Granting Defendants' Motion for Summary Judgment, (ECF No. 253).

The Clerk of Court is kindly directed to enter judgment in favor of Defendants and close the case.

**DATED** this __17__ day of July, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] The Ninth Circuit instructed the Court to evaluate Plaintiff's exhausted claims in the first instance. (*See generally* Mem.).  Because the Court finds that grievance 20063045067 is not part of this lawsuit, the Court need not further evaluate the grievance.